IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAT SCHOTTLER,

                Plaintiff,

v.                                                 ORDER

STATE OF WISCONSIN, KRISTINA E.                     16-cv-415-jdp
WILLIAMSON, JANE/JOHN DOE,

                Defendants.

---

Pro se plaintiff Pat Schottler brings this action for the alleged violations of his First Amendment right to freedom of speech. The "root" of this case, Schottler says, "comes from asking a girl out on a date." Dkt. 1, at 5. Schottler repeatedly made unwelcomed romantic advances toward defendant Jane Doe, but she saw those advances as harassment. She hired an attorney, defendant Kristina E. Williamson, who secured from a Wisconsin state court an injunction that enjoined Schottler from harassing Jane Doe. Schottler says he was arrested 17 times apparently for harassing Jane Doe. Dkt. 1, at 6.

Schottler has filed three documents: (1) a complaint, Dkt. 1, (2) a request for summons, Dkt. 7, and (3) a "motion for publicity," Dkt. 3. Each lacks merit. Schottler has paid the $400 filing fee. Defendants move to dismiss Schottler's claims. I will grant their motions and dismiss the action.

A. **Complaint**

I understand Schottler to contend that his right to freedom of speech was allegedly violated on two occasions: (1) when the St. Croix County Circuit Court enjoined him from harassing Jane Doe; and (2) when the state court denied his request to order the news media to publish his harassment case on the news. Schottler is suing Jane Doe, her attorney

defendant Kristina E. Williamson, and the State of Wisconsin. His other submissions suggest that he would also like to bring claims against the state court judges who have entered orders against him and denied his requests for relief.

Under the *Rooker-Feldman* doctrine, this court has no jurisdiction to review the challenged decisions by Wisconsin state courts. If Schottler thought that those decisions violated his constitutional rights, he must appeal them through state courts and then ultimately to the United States Supreme Court. *See Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012); *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996). Although it is difficult to understand exactly what Schottler is asking for, he appears to believe that the next step in challenging the state court decisions is to file a suit in a federal district court. *See* Dkt. 1, at 4 ("This case is being brought into federal court, because all attempts, to have Pat Schottler constitutional rights upheld have been exhausted with in the State of Wisconsin"). He is mistaken.

Aside from the *Rooker-Feldman* doctrine, the Eleventh Amendment bars his claims against the State of Wisconsin. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012) ("The suit is against a state and a state agency and Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done."). Likewise, he may not proceed against Williamson. Although he appears to allege that Williamson violated his first amendment rights, Schottler does not indicate that Williamson is a state actor or that she may "fairly be said to be a state actor." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). And under Wisconsin law, an attorney generally cannot "be held liable to third parties for any acts committed within the scope of an attorney-client agency relationship." *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 321, 401

N.W.2d 816, 823 (1987). Williamson, an attorney who had an obligation to advance her client's interests, cannot be liable for doing her job.

Nor can Schottler proceed against Jane Doe. Although he lists Jane Doe as a defendant on his complaint, he does not allege any wrong doing on her part. He therefore fails to state a claim against her.

B.  Request for summons

Schottler has filed a letter asking for summons to be issued for various state officials, who are mostly state judges. Dkt. 7. I take this letter to mean that he seeks to assert claims against those individuals. Although Schottler has not yet filed a complaint naming these officials, the State of Wisconsin has moved to dismiss Schottler's letter. Dkt. 10 and Dkt. 13 (amended motion). These officials are all entitled to judicial immunity. Schottler therefore has not stated a claim against these officials, even if I were to treat Schottler's letter as a supplement to his complaint.

C.  Motion for publicity

Schottler has also filed a document titled "motion for publicity." Dkt. 3. In that document, he states the following:

> I am asking the Federal Judge to rule, that the state can not punish Pat Schottler in any way, for sending this case and all it's contents to the news. IN MY opinion it is not appropriate, for a federal judge to cover up for state judges, by denying publicity of a case (United States Constitution Amendment I) where the state failed to uphold one's freedom of speech. If the state messed up, publicity helps them to make the right decision next time.

*Id.* I assume, based on the title of the document, that he wishes the court to assist him in obtaining publicity over this case. He seeks relief that has no basis in law, although the court's action in this case, as always, is a matter of public record.

In sum, I see no reason to keep this case open. I will direct the clerk of court to close this case.

ORDER

IT IS ORDERED that:

1. Defendant State of Wisconsin's motion to dismiss plaintiff Pat Schottler's claims against the State of Wisconsin, Dkt. 5, is GRANTED.

2. Defendant Kristina E. Williamson's motion to dismiss plaintiff's claims against Williamson, Dkt. 8, is GRANTED.

3. Defendant State of Wisconsin's motion to dismiss plaintiff's claims against individual state defendants, Dkt. 10 (amended Dkt. 13), is GRANTED.

4. Defendant Jane Doe is DISMISSED from the case for plaintiff Pat Schottler's failure to state a claim against her.

5. Plaintiff's "motion for publicity," Dkt. 3, is DENIED.

6. This case is DISMISSED.

7. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered November 15, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge